## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PEDRO RAMOS, III,
　　*Plaintiff*,

　　v.

GOAUTO CENTERS OF MERIDEN, LLC,
　　*Defendant*.

No. 3:15-cv-00314 (JAM)

### ORDER FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff Pedro Ramos, III, purchased a used car from defendant GoAuto Centers of Meriden, LLC, and now sues defendant for violations of the Truth in Lending Act (TILA), violation of the Connecticut Unfair Trade Practices Act (CUTPA), and breach of contract. Defendant has failed to plead or otherwise defend in this action, and its default was entered on April 21, 2015 (Doc. #9). Plaintiff has moved for default judgment under Fed. R. Civ. P. 55(b) and has submitted affidavits in support therefor (Doc. #10). After review of all materials submitted by plaintiff, I conclude that default judgment will enter.

### BACKGROUND

Plaintiff purchased a used car from defendant after signing a retail installment sales contract. The contract indicated a down payment of $2,500, but plaintiff paid only $1,000 and was told that he would have to pay the remaining $1,500 in weekly installments of $200. The contract did not include those $200 payments in the schedule of payments. Plaintiff was not given a copy of the contract he signed. Defendant subsequently required plaintiff to sign a second retail installment contract, which contained different terms, if he wanted to keep the car. Plaintiff signed the second contract, but again was not given a copy of the contract.

After he received the car, plaintiff was pulled over on several occasions for driving an unregistered vehicle. Plaintiff called defendant about this issue, and defendant truthfully told him that it had not registered the vehicle and falsely assured plaintiff that the vehicle's temporary registration had been extended. Afterwards, plaintiff was again pulled over, this time by a Rocky Hill police officer who issued plaintiff a citation and had the car towed to plaintiff's house at plaintiff's expense. Plaintiff did not drive the unregistered car after that and, as a result, was unable to attend work for several weeks. The car was eventually towed and impounded after a snowstorm parking ban.

## DISCUSSION

I conclude on the basis of my review of the complaint, affidavits, and other supporting materials that there is a reasonable and satisfactory factual basis for default judgment and that a further hearing is not warranted. I find that plaintiff has established liability as to defendant on all three counts of the complaint. *See* 15 U.S.C. § 1638; 12 C.F.R. § 226.17(a)(1) (requiring that consumer receive a copy of TILA disclosures); 12 C.F.R. § 226.18(b), (g), (h) (requiring proper disclosure of amount financed, payment schedule, and total of payments); 12 C.F.R. § Pt. 226, Supp. I, Subpt. A, 226.2 (pick-up payments); Regs., Conn. State Agencies § 42-110b-28(b)(23) (CUTPA violation if TILA violation). For damages, plaintiff seeks statutory damages, actual damages, punitive damages, and attorneys fees and costs.

*Statutory damages.* TILA authorizes statutory damages equal to twice the amount of any finance charge, capped at $2,000. *See* 15 U.S.C.§ 1640(a)(2)(A)(i); *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50 (2004). If there are multiple TILA disclosure violations "in connection with a single account," § 1640(g) limits a plaintiff to a single recovery of statutory damages. The TILA violations here were undeniably disclosure violations; *see* 12 C.F.R. § 226.17(a)(1), 12

C.F.R. §§ 226.18(b), (g), (h), & Pt. 226, Supp. I; but plaintiff nevertheless asserts that,

notwithstanding § 1640(g), he is entitled to two recoveries of statutory damages because

defendant committed separate disclosure violations with respect to two separate contracts. *See*

Doc. #10-1 at 7. I conclude that § 1640(g) limits plaintiff to a single recovery of $2,000 because

the several disclosure violations here occurred "in connection with a single account"—a single

retail installment transaction involving a single car. *Cf. Tweedy v. RCAM Title Loans, LLC*, 611

F. Supp. 2d 603, 606–607 (W.D. Va. 2009) (collecting cases).

     *Actual damages.* Plaintiff next requests damages pursuant to Conn. Gen. Stat. § 42-

110g(a) and for breach of contract as follows: $1,200 for refund of the down payment he paid on

the car, $803 in wages lost while he missed work for lack of transportation, $160 in towing

expenses, and $1,030 for loss of use of his vehicle. Plaintiff has adequately supported his request

for damages representing the down payment, wages, and towing expenses.

     Plaintiff's request for damages for loss of use of his vehicle, however, is unsupported. A

plaintiff may recover for the intangible loss of use of his vehicle during a period of time,

*Anderson v. Gengras Motors*, 141 Conn. 688, 692 (1954), regardless of whether there is any

proof of financial loss. *See KLM, Inc. v. United Tech. Corp.*, 610 F.2d 1052, 1055–56 (2d Cir.

1979) (citing *Anderson*). The amount to compensate for that intangible loss is "fair and

reasonable compensation, according to the circumstances of each case. Elements ordinarily

essential to such a finding would be the value of the automobile, its market rental value, less the

proportion of this rental value which covers the wear and tear and depreciation in the use of the

automobile, and the period of necessary deprivation of use." *Anderson*, 141 Conn. at 693.

Plaintiff avers that the fair rental value of a similar car is $206 per week, but he does not provide

the proportion of that rental value that covers the wear and tear, and depreciation in the use of the

automobile that rental companies charge to their customers. *See ibid.* I conclude that plaintiff has

not supported his request for loss of use of the vehicle and will award plaintiff a total of $2,163

in actual damages representing the down payment, lost wages, and towing expenses.

      *Punitive Damages.* Plaintiff seeks punitive damages pursuant to Conn. Gen. Stat. § 42-

110g(a). Punitive damages are appropriate in this case because I find that defendant's actions

were in reckless indifference to plaintiff's rights. Courts often determine the measure of punitive

damages under CUTPA as "amounts equal to actual damages or multiples of the actual

damages." *See Emerald Investments, LLC v. Porter Bridge Loan Co.*, 2007 WL 1834507, at *8

(D. Conn.) (citing *Perkins v. Colonial Cemeteries, Inc.*, 53 Conn. App. 646, 649 (1999)).

Deterrence is a guiding principle. *See ibid.* I conclude that an award of punitive damages in the

amount of double the actual damages—$4,326—is appropriate in this case.

      *Attorneys Fees.* Finally, plaintiff seeks attorneys fees of $7,325.50 and costs of $524.98

pursuant to 15 U.S.C. § 1640(a)(3) and Conn. Gen. Stat. § 42-110g(d), rounded out to a total

amount of $7,500. In determining the amount of attorneys fees to award, I consider the familiar

"lodestar" calculation that is intended to result in an award that "roughly approximates the fee

that the prevailing attorney would have received if he or she had been representing a paying

client who was billed by the hour in a comparable case." *See Perdue v. Kenny A. ex rel. Winn*,

559 U.S. 542, 551 (2010); *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

      According to the declaration of Attorney Daniel S. Blinn, Attorney Blinn performed 11.2

hours of work on this matter at an hourly rate of $400, a paralegal performed 18.4 hours of work

at an hourly rate of $150, and an assistant performed .9 hours of work at an hourly rate of $95. I

conclude that the number of hours is reasonable but, after consideration of the rate a paying

client would be willing to pay Attorney Blinn and his staff, and the relevant factors, *see Arbor*

*Hill Concerned Citizens Neighborhood Assn. v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2007), I will reduce his hourly rate to $350, his paralegal's hourly rate to $100, and his assistant's hourly rate to $70. This reduction is consistent with adjustments other courts in this district—and the state courts—have made to Attorney Blinn's rates. *See, e.g.*, *Gomez v. People's United Bank*, 2012 WL 3854956, at *2 (D. Conn. 2012); *Freeman v. A Better Way Wholesale Autos, Inc.*, 2016 WL 1397704, at *3 (Conn. Super. 2016) (citing cases). Adding the now reduced attorneys fees of $5,827.50 to substantiated costs of $487.70, I award plaintiff attorneys fees and costs of $6,315.20. Therefore, it is hereby

ORDERED, ADJUDGED, AND DECREED that plaintiff recover from defendant statutory damages in the amount of $2,000, actual damages in the amount of $2,163, punitive damages in the amount of $4,326, and attorneys fees and costs in the amount of $6,315.20, for a total judgment of $14,804.20. Plaintiff may also recover post-judgment interest as provided by law.

It is so ordered.

Dated at New Haven, Connecticut this 23rd day of December 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge